# HOUSING AUTHORITY OF THE CITY OF ST. PETERSBURG, FLORIDA v WILCOX

Case No. 91-3239-54

County Court, Pinellas County

July 2, 1991

## OPINION OF THE COURT

KARL B. GRUBE, County Judge.

THIS CAUSE having come before the Court on Defendant's Motion to Dismiss, with both parties being represented by counsel, and the Court being fully advised in the premises, the Court finds as follows:

The Defendant resides in a publically [sic] assisted housing project and the Plaintiff, Housing Authority, is governed by the Federal Regulations promulgated by the Department of Housing and Urban Development.

The Defendant asks that this Court dismiss Plaintiff's Complaint for

a lack of subject matter jurisdiction in that the seven day notice to vacate served by Plaintiff is defective because it is contrary to Title 24, Chapter 9, Section 966.4 of the Code of Federal Regulations as the notice fails to inform the Defendant of her right to make such reply as she wishes and of her right to request a hearing in accordance with the public housing authority's grievance procedure. Defendant, however, fails to take into account Section 966.51(a) which states as follows: "Provided, that in those jurisdictions which require that, prior to eviction, a tenant be given a hearing in Court containing the elements of due process as defined in Section 966.53(c), the PHA may exclude from its procedure any grievance concerning an eviction or termination of tenancy based upon a tenant's creation or maintenance of a threat to the health and safety of other tenants or PHA employees."

In fact, Plaintiff does seek to evict Defendant on the basis of what purports to be a threat to the health or safety of other tenants or PHA employees as is set out in the notice. In addition, the Lease Agreement which is signed by the Defendant indicates in Section 13(d) that "except in cases of the making or keeping of a threat to the health or safety of other tenants or authority employees, you can contest the termination of this lease through the tenant grievance procedure."

Further, the Court finds that Florida is a jurisdiction in which a tenant is given a hearing in Court containing the elements of due process as defined in Section 966.53(c) and, it is therefore

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss be and the same is hereby denied and that Defendant shall have three (3) days from the date of this Order to file an Answer to Plaintiff's Complaint.

DONE AND ORDERED in Chambers at St. Petersburg, Pinellas County, Florida, this 2nd day of July, 1991.